UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFERY GOODSON,

                Plaintiff,

      v.

WILLARD DRUG TREATMENT CAMPUS
DOC, et al.,

                Defendants.
_____

DECISION & ORDER

07-CV-6291L

        The above-captioned matter has been referred to the undersigned by order dated January 30, 2008, for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 17).

        Plaintiff Jeffery Goodson has commenced this action pursuant to 42 U.S.C. § 1983 for injuries sustained while incarcerated at the Willard Drug Treatment Campus in 2005.  (Docket # 7).  Defendants Louise Guzalak and Terry Sprague have filed answers to the complaint denying plaintiff's factual assertions and asserting several affirmative defenses.  (Docket ## 15, 16).  Currently before this Court are plaintiff's motions to dismiss defendants' answers (Docket # 18) and for the appointment of counsel (Docket # 19).  Each motion will be addressed in turn below.

        **Motion to Strike Answer**:  Plaintiff's motion to dismiss defendants' answers does not identify a legal basis for his motion.  Rather, plaintiff appears to contest the affirmative defenses raised by defendants and provides additional factual support for the allegations in his complaint.  (*See* Docket # 18).  Read liberally, plaintiff's motion may best be considered a

motion to strike defendants' affirmative defenses as legally insufficient pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaint must be read liberally). That rule permits the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Second Circuit has clearly advised, however, that motions to strike an affirmative defense for legal insufficiency are not favored. *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986). "Even when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 800-01 (footnotes omitted)). A motion to strike may be granted only when no questions of fact exist, all questions of law are clear and undisputed and there is no set of circumstances under which the affirmative defense could succeed. *Saudi Pearl Ins. Co., Ltd. v. M.V. Aditya Khanti*, 1997 WL 291834, *6 (S.D.N.Y. 1997) (quoting *Hoppe v. G.D. Searle & Co.*, 779 F. Supp. 1413, 1422 (S.D.N.Y. 1991)).

In the case at bar, the legal issues presented in defendants' affirmative defenses are clearly in dispute, and this Court simply cannot determine that no circumstances exist under which the defenses could succeed. Accordingly, plaintiff's motion to strike defendants' affirmative defenses is denied.

**Motion to Appoint Counsel:** Plaintiff also moves for the appointment of counsel based upon his assertion that he has attempted to contact several attorneys and has been unable to

retain private counsel. (Docket # 19). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co, Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore

poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination. Plaintiff's motion for the appointment of counsel is therefore denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

For the foregoing reasons, it is the Decision and Order of this Court that plaintiff's motion to strike defendants' affirmative defenses **(Docket # 18)** is **DENIED**. It is my further decision that plaintiff's motion for the appointment of counsel **(Docket # 19)** is **DENIED**.
**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       March  28 , 2008