UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFERY GOODSON,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                       07-CV-6291L

                              v.

WILLARD DRUG TREATMENT CAMPUS,
et al.,

                              Defendants.
_____

       Plaintiff, Jeffrey Goodson, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in certain respects in 2005, when plaintiff was confined at DOCS's Willard Drug Treatment Campus ("Willard").

       Pursuant to prior orders of this Court (Dkt. #10, #25), there are now four defendants in this case: Dr. Stornelli, and nurses Guzalak, Berglund and Sprague.[1] Defendants have moved for

---

[1] The amended complaint also asserts claims against "Willard Drug Treatment Campus, DOC" ("Willard") and "drill instructors" Jane Doe and John Doe, none of whom have ever been served or appeared in this action. In addition, Willard is not a proper defendant, since, as a unit within DOCS, it is protected by Eleventh Amendment immunity. *See Rodriguez v. New York State Dep't of Corrections*, No. 04-CV-0177, 2004 WL 1574564, at *2 (W.D.N.Y. June 28, 2004) (dismissing claims against Albion Correctional Facility under the Eleventh Amendment).

summary judgment. For the reasons that follow, the motion is granted, and the complaint is dismissed.

## DISCUSSION

Plaintiff alleges that in 2004, at which time he was serving a criminal sentence, he was sent to Willard for medical reasons, primarily relating to a herniated disc in his lower back. At that time, plaintiff was assigned to a lower bunk at Willard. Amended Complaint (Dkt. #7) ¶¶ 1, 2.

Plaintiff was eventually released, but in 2005 he was returned to the custody of DOCS as a result of a parole violation. Plaintiff was again sent to Willard, but this time he was assigned to a top bunk. Dkt. #7 ¶ 3.

On August 16, 2005, plaintiff fell out of his top bunk and was injured. Dkt. #7 ¶ 4. He was sent for outside medical care and returned to Willard. A few days later, plaintiff was assigned to a bottom bunk. Dkt. #40 Ex. A.

Plaintiff was subsequently re-released from DOCS custody. He alleges that because of his continuing pain stemming from his injuries, following his release he "s[ought] out the help of the streets," apparently meaning that he began, or resumed, using illegal drugs. Dkt. #7 ¶ 6.[2]

Based on these allegations, plaintiff asserts that defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He also appears to assert an equal protection claim, based on his allegation that he was treated

---

[2]At the time that this lawsuit was commenced, plaintiff had been returned to DOCS custody, apparently as a result of another parole violation.

differently from other inmates "based on race, or origin," Dkt. #7 ¶ 4, and that he was discriminated against because he was a "returned Parolee." Dkt. #7 ¶ 5.

These claims cannot survive summary judgment. With respect to the Eighth Amendment claim, the evidence in the record does not support a finding that plaintiff had a serious medical need for a lower bunk, or that defendants acted with deliberate indifference to plaintiff's medical needs in assigning him to a top bunk. *See Conseillant v. Alves*, 599 F.Supp.2d 367, 368-69 (W.D.N.Y. 2009) (setting forth the standards for a prisoner's Eighth Amendment medical claim).

While I am not stating that an inmate could never make out an Eighth Amendment claim based on his being assigned to an upper rather than a lower bunk, plaintiff has not presented sufficient evidence to support such a claim in this case. At most, he has simply shown that there was a difference of opinion between him and defendants in that regard. *See Burley v. Upton*, 257 Fed.Appx. 207, 210 (11th Cir. 2007) ("Even if Burley did have a 'serious medical need,' he failed to show that officials were anything more than negligent by keeping him in a top bunk for five days"); *Powers v. Deatherage*, No. 02-1372, 2009 WL 856296, at *9 (C.D.Ill. Mar. 30, 2009) (granting summary judgment for defendants on inmate's claim arising out of his being assigned to top bunk, where evidence did not show that a low bunk was medically required); *Farmer v. United States*, No. 4:CV-07-1733, 2009 WL 546202, at *15 (M.D.Pa. Mar. 4, 2009) (granting summary judgment for defendant, where there was "[n]o evidence ... that Defendant ... acted with deliberate indifference in temporarily assigning Farmer to an upper bunk"); *Jones v. Pancake*, No. 3:06CV-P188, 2009 WL 481899, at *4 (W.D.Ky. Feb. 25, 2009) ("While Plaintiff might disagree

with Dr. Hiland's determination that a bottom bunk was not necessary, he has not shown that Dr. Hiland was deliberately indifferent to his needs").

Furthermore, even if there were sufficient evidence upon which a factfinder could reasonably conclude that defendants were negligent in assigning plaintiff to a top bunk (and I do not believe that there is), that too would be insufficient. Even conduct rising to the level of "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Conseillant*, 599 F.Supp.2d at 369 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In addition, there is no evidence whatsoever to support plaintiff's wholly conclusory allegations that he was discriminated against, either because of his race, national origin, or status as a "returning parolee." Finally, plaintiff's allegation that he began using illegal drugs because of his back pain cannot save his claim, since there is no underlying constitutional violation in the first place.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #39) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 18, 2009.